UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **YALE SOUTH CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-0337-CVE-FHM |
| ) | |
| **ECLIPSE SERVICES, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Dismiss Plaintiff's First Cause of Action (Dkt. # 6). Defendant Eclipse Services, Inc. (Eclipse) argues that the Court lacks jurisdiction to hear plaintiff's claim for inspection of corporate books and records, because the Delaware Court of Chancery has exclusive jurisdiction over this claim.

**I.**

Plaintiff Yale South Corporation (Yale South) is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma, and Eclipse is a Delaware corporation with its principal place of business in Houston, Texas. On April 1, 2002, Yale South obtained an option to purchase 2,000 shares of the common stock of Eclipse at $1 per share as part of a commercial lending transaction, but Yale South was required to exercise its option to purchase the shares by April 1, 2012. Dkt. # 2-2, at 1. Yale South exercised its option and purchased 2,000 shares of Eclipse stock on December 10, 2009. Eclipse issued the shares to Yale South on December 21, 2009. Id. at 2. Plaintiff claims that it exercised its "put option" to require Eclipse to repurchase 1,400 of the shares at three times

the value of defendant's EBITDA[1] as determined by Eclipse's most recent completed fiscal year prior to Yale South's decision to exercise its "put" rights. Id. Yale South states that Eclipse refused to repurchase the shares as required by the parties' agreement. Id.

Yale South states that it requested to inspect shareholder lists and financial records of Eclipse at Eclipse's corporate office in Houston. Yale South sought access to the following categories of books and records:

   a.   Eclipse's financial statements for the quarter ending March 31, 2009, June 30, 2009, and September 30, 2009.

   b.   Eclipse's interim financial statements for the months ending October 31, 2009, November 30, 2009 and December 31, 2009.

   c.   A current schedule of all stockholders of Eclipse showing the name, number of shares held, and date issued.

   d.   A current list of Warrant Holders of Eclipse stating the name, number of shares, and exercise price of the warrant.

   e.   All records of the corporation relative to the issuance of stock certificate #6 and the mailing and delivery to Yale South.

   f.   Records regarding receipt of Yale South's Put of the shares to Eclipse including facsimile messages received December 31, 2009.

Id. at 3. Eclipse did not permit Yale South to inspect Eclipse's corporate records. Yale South filed this lawsuit in the Tulsa County District Court to compel Eclipse to allow inspection of its books and records. Yale South also requests a declaratory judgment that Eclipse is obligated to repurchase 1,400 shares and a monetary judgment for the value of the stock which Eclipse has refused to repurchase.

---

[1]   Plaintiff defines "EBITDA" as "Earnings Before Interest, Taxes, Depreciation, and Amortization." Id. at 2.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant.  Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that the Court lacks jurisdiction over plaintiff's claim to compel inspection of defendant's books and records, because defendant is a Delaware corporation and plaintiff's claim must be filed in the Delaware Court of Chancery. Plaintiff responds that defendant conducts business in Oklahoma and this Court has personal jurisdiction over defendant, and defendant is subject to Oklahoma corporation law.

A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. Yavuz v. 61 MM, Ltd., 576 F.3d 1166, 1178 (10th Cir. 2009); Vitkus v. Beatrice Co., 127 F.3d 936, 941 (10th Cir. 1997). Oklahoma follows the Restatement (Second) of Conflicts of Laws. Robert A. Wachsler, Inc. v. Florafax, Int'l, Inc., 778 F.2d 547, 549 (10th Cir. 1985). Under Restatement (Second) of Conflicts of Laws § 302(2), "[t]he local law of the state of incorporation will be applied to determine such issues, except in the unusual case where, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties . . . ." The commentary to § 302(2) states that a shareholder's right to examine corporate books and records is governed by this section. This choice of law rule ensures that internal corporate matters will be governed by the law of one state and prevents a corporation from being subjected to conflicting laws of various states. Intarome Fragrance & Flavor Corp. v. Zarkades, 2009 WL 931036, * 13-14 (D.N.J. Mar. 30, 2009); Pension Committee of University of Montreal Pension Plan v. Banc of America Securities, LLC, 446 F. Supp. 2d 163, 191-92 (S.D.N.Y. 2006); Dassault Falcon Jet Corp. v. Oberflex, Inc., 909 F. Supp. 345, 349 n.4 (M.D.N.C. 1995). The Tenth Circuit has determined that the Oklahoma Supreme Court would follow § 302 and "the law of the state of incorporation shall be applied to determine issues involving the rights and liabilities

of a corporation, unless it is shown that some other state has a more significant relationship to the occurrence and the parties." Robert A. Wachsler, Inc.,778 F.2d at 550.

Under this choice of law rule, it is clear that Delaware law applies when determining plaintiff's right to inspect Eclipse's corporate books and records. Eclipse is incorporated under Delaware law and the commentary to § 302 establishes that requests to inspect a corporation's books and records fall within the scope of § 302. Oklahoma does not have such a significant relationship to the parties or the occurrence that it would justify application of Oklahoma law to a matter of the internal governance of a foreign corporation. At most, Eclipse entered a commercial loan transaction and issued an option to purchase stock to an Oklahoma corporation. This is not such a significant relationship to the parties or the transaction that the Court can override the general choice of law rule requiring the Court to apply the law of the state of incorporation. Plaintiff argues that the Oklahoma courts have personal jurisdiction over defendant, and defendant has subjected itself to Oklahoma corporation law by conducting business in Oklahoma. Under plaintiff's theory, Eclipse would be subject to the laws of each state in which it does business as to matters of internal corporate affairs or governance. However, plaintiff cites no legal support for this argument and plaintiff's position is contrary to the choice of law rule provided by § 302.

The relevant Delaware statute permitting inspection of corporate books and records by a shareholder is DEL. CODE ANN. tit. 8, § 220, which provides:

> (b) Any stockholder, in person or by attorney or other agent, shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose, and to make copies and extracts from:
>
> > (1) The corporation's stock ledger, a list of its stockholders, and its other books and records; and
>
> > (2) A subsidiary's books and records, to the extent that:

5

>> a. The corporation has actual possession and control of such records of such subsidiary; or
>
>> b. The corporation could obtain such records through the exercise of control over such subsidiary, provided that as of the date of the making of the demand:
>
>>> 1. The stockholder inspection of such books and records of the subsidiary would not constitute a breach of an agreement between the corporation or the subsidiary and a person or persons not affiliated with the corporation; and
>
>>> 2. The subsidiary would not have the right under the law applicable to it to deny the corporation access to such books and records upon demand by the corporation.
>
> In every instance where the stockholder is other than a record holder of stock in a stock corporation or a member of a nonstock corporation, the demand under oath shall state the person's status as a stockholder, be accompanied by documentary evidence of beneficial ownership of the stock, and state that such documentary evidence is a true and correct copy of what it purports to be.  A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder.  In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand under oath shall be accompanied by a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the stockholder.  The demand under oath shall be directed to the corporation at its registered office in this State or at its principal place of business.

Oklahoma has adopted this part of the statute and this statutory language is identical to OKLA. STAT. tit. 18, § 1065.  However, unlike the Oklahoma statute, § 220 also states that "[t]he Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought."  Id. at § 220(c).  This statutes vests the Delaware Court of Chancery with "exclusive jurisdiction" to the determine whether a person or entity may inspect the books and records of a Delaware corporation.  Reserve Solutions Inc. v. Vernaglia, 438 F. Supp. 2d 280, 288 (S.D.N.Y. 2006) (finding that a § 220 action must be filed in the Delaware Court of Chancery and the district court lacked the authority to fashion equitable remedies for the

disclosure of corporate books and records); Polak v. Continental Hosts, Ltd., 613 F. Supp. 153 (S.D.N.Y. 1985) (a shareholder's "sole remedy" to compel a corporation to permit inspection of books and records is a lawsuit in the Delaware Court of Chancery); Foti v. Western Sizzlin Corp., 2004 WL 2848398 (Vir. Cir. Ct. Feb. 6, 2004) (Virginia state courts lacked jurisdiction to hear a claim for inspection of books and records under § 220).

Plaintiff offers no argument in opposition to defendant's assertion that the plain language of § 220 requires plaintiff to file its claim for inspection of books and records in the Delaware Court of Chancery. The statute clearly requires plaintiff to file and litigate this claim in the Delaware Court of Chancery, and the Court lacks subject matter jurisdiction over plaintiff's claim to inspect defendant's books and records.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Plaintiff's First Cause of Action (Dkt. # 6) is **granted**, and plaintiff's claim for inspection of Eclipse's books and records is **dismissed** for lack of subject matter jurisdiction..

**DATED** this 19th day of July, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT